**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Pedro CAMPOS–LARA, Defendant—
Appellant.**

No. 03–10159.

D.C. No. CR–02–01073–JAT.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 10, 2003.*

Decided Nov. 14, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Joseph Edward Koehler, Asst. U.S. Atty., USPX–Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Craig Orent, Appointed Fed. Public Defender, AZ–Federal Public Defender's Office, Phoenix, AZ, for Defendant–Appellant.

Before KOZINSKI, SILVERMAN, and TALLMAN, Circuit Judges.

## MEMORANDUM\*\*

Pedro Campos–Lara appeals the sentence imposed following his guilty plea to illegal re-entry after deportation in violation of 8 U.S.C. § 1326(a).

Campos–Lara contends that the district court deprived him of a fair sentencing hearing, and thus violated the Due Process Clause, by refusing to grant a downward departure for cultural assimilation where the district court expressly stated that this ground for departure was "difficult for me to comprehend" and "never made any sense to me." Because there is no indication that the district court believed it lacked to authority to grant the requested departure, we lack jurisdiction to review its decision.

The district court's expression of skepticism regarding the rationale underlying a downward departure for cultural assimilation does not indicate that the district court misunderstood the nature of the departure, much less that it believed it lacked the legal authority to grant a departure on that ground. The district court's statement—that the argument for a cultural assimilation departure "certainly ... is not persuasive to the Court in this case" given Campos–Lara's criminal history—indicates, rather, that the district court be-lieved that a cultural-assimilation departure was unwarranted in light of the facts of Campos–Lara's particular case. Because the district court concluded as a factual matter that the evidence of Campos–Lara's cultural assimilation was insufficient to justify a downward departure, we lack jurisdiction to review its decision. *United States v. Lipman,* 133 F.3d 726, 732 (9th Cir.1998).

The record does not support Campos–Lara's contention that the district court's statements implied a bias that deprived him of an objective, impartial, and fair consideration of the merits of his request for a downward departure.

This appeal is **DISMISSED.**

---

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

